FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 04, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TABITHA D., <br><br>Plaintiff, <br><br>v. <br><br>COMMISSIONER OF SOCIAL SECURITY, <br><br>Defendant. | No. 2:18-CV-0018-JTR <br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney Dana C. Madsen represents Tabitha D. (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 13. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on August 5, 2014, alleging disability since March

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

1, 2014, due to issues with her ankles, thyroid and back; depression; migraines; sleep apnea; pre-diabetic condition; poor memory; constant dizziness; stomach pain; and kidney stones. Tr. 241, 243, 281. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Stewart Stallings held a hearing on August 16, 2016, Tr. 41-77, and issued an unfavorable decision on October 3, 2016, Tr. 20-32. The Appeals Council denied Plaintiff's request for review on November 17, 2017. Tr. 1-6. The ALJ's October 2016 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 16, 2018. ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born on August 26, 1980, and was 33 years old on the alleged onset date, March 1, 2014. Tr. 241. Plaintiff earned a GED and has completed some college. Tr. 47, 282, 787. Plaintiff testified at the administrative hearing on August 16, 2016, that she last worked at a hotel call center in 2014. Tr. 47. That year and a half position ended when she began having black out spells at her desk and her doctor put her on medical leave. Tr. 48, 58. Plaintiff's disability report indicates she stopped working on February 28, 2014, because of her conditions. Tr. 281.

Plaintiff testified she has black out spells a couple of times a month and experiences migraine headaches about five times a month. Tr. 49, 55-56. She stated she attended counseling for depression, Post-Traumatic Stress Disorder (PTSD), and anxiety. Tr. 50. Plaintiff reported other issues as well including her ankles roll; she gets dizzy; she has pain in her back, neck, shoulders, abdomen, and knees; her legs and feet go numb; she has diabetes and hyperthyroidism; and she experiences blurred vision three or four times a week. Tr. 51-52, 56-57. She also has been diagnosed with sleep apnea and is only able to sleep one or two hours at night. Tr. 53-54. Plaintiff indicated she could walk no farther than half a block in

one stretch, stand about ten minutes, sit about 30 minutes, and lift and carry five to 10 pounds. Tr. 51, 53, 57-58. She testified she did not do housework, vacuuming, or laundry. Tr. 55. She stated her mother, children, and boyfriend help with her household chores. Tr. 55.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a),

416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 3, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 1, 2014, the alleged onset date. Tr. 22.

At step two, the ALJ determined Plaintiff had the following severe impairments: morbid obesity, migraines, blackouts, neuropathy, diabetes, sleep apnea, hypothyroidism, joint dysfunction of the knees and ankles, anxiety, depression, and personality disorder. Tr. 22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 23.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform sedentary exertion level work with the following limitations: she could lift and carry up to 10 pounds occasionally; she could stand and walk two hours in an eight-hour workday and sit for six hours total in an eight-

hour workday with normal breaks; she could rarely crouch, kneel, and crawl; she must avoid all exposure to extreme cold, extreme heat, wetness, humidity, and vibration; she would be limited to only occasional exposure to pulmonary irritants and would need to avoid moving machinery and dangerous unprotected heights; she would be limited to no more than frequent exposure to bright sunshine and flashing lights; she would need work that requires no more than occasional interaction with the public and no face-to-face interaction, but no limit in terms of telephonic interaction; she would be capable of work around coworkers but with only occasional interaction and not as part of a team; and she would not be able to perform any work at a production pace or on an assembly line. Tr. 25.

At step four, the ALJ found Plaintiff was able to perform her past relevant work as a telephone solicitor. Tr. 30.

At step five, the ALJ alternatively determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of telephone information clerk and charge account clerk. Tr. 31-32.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from March 1, 2014, the alleged onset date, through the date of the ALJ's decision, October 3, 2016. Tr. 32.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly discrediting Plaintiff's symptom claims; and (2) failing to properly consider and weigh the medical source opinion evidence.

///

# DISCUSSION[1]

## A. Medical Opinion Evidence

Plaintiff argues the ALJ erred by failing to properly consider the medical opinion evidence of record. ECF No. 14 at 13-16. Plaintiff specifically asserts the ALJ erred by according "little weight" to the opinions of examining medical professional John B. Severinghaus, Ph.D., and treating sources Michele Herring, ARNP, and Heather Brennan, M.D., and instead relying on the opinions of the nonexamining medical expert, Margaret Moore, Ph.D. *Id.*

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830. The Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 830; *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (finding a nonexamining doctor's

---

[1]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

opinion "with nothing more" does not constitute substantial evidence). In weighing the medical opinion evidence of record, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must also set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

Nonexamining medical professional Margaret Moore, Ph.D., testified at the August 16, 2016 administrative hearing. Tr. 58-66. Dr. Moore found that Plaintiff suffered from "chronic low-grade" depressive focus and anxiety. Tr. 60. She opined that Plaintiff's primary issues were with dealing with personal boundaries (setting limits with others in her life, reactive and reacting to situations) and a tendency to engage in self-defeating behavior. Tr. 61. Dr. Moore assessed mild limitations of activities of daily living, moderate limitations in social functioning, and mild to moderate limitations in concentration, persistence and pace. Tr. 62-63. She indicated Plaintiff would have no problem with simple, routine, repetitive work activities and even complex tasks were within her reach; she could work with the public, but only occasional face-to-face interaction; and she would work better by not having to work as a cooperative team member but with normal supervision. Tr. 64-65.

In 2010 and 2011, years prior to the alleged onset date (March 1, 2014), treating physician Heather Brennan, M.D., opined that Plaintiff would be unable to work due to her mental health, Tr. 804-808. *See Fair v. Bowen*, 885 F.2d 597, 600

(9th Cir. 1989) (finding medical opinions that predate the alleged onset of disability are of limited relevance). However, Dr. Brennan also marked that Plaintiff's condition was likely to limit her ability to work for no longer than six months, Tr. 805, 807. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (an individual shall be considered disabled if she has an impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months).

On October 29, 2014, John Severinghaus, Ph.D., examined Plaintiff and determined her interpersonal functioning was moderately to markedly reduced by her health concerns and anxiety and depression. Tr. 791. Dr. Severinghaus opined Plaintiff would have difficulty with coworkers and the public, her pace and persistence were reduced by her concerns, and her daily effectiveness was reduced, to some degree, by her concerns, psychic distress, and low IQ or learning difficulties. Tr. 791. Dr. Severinghaus indicated that formal psychological testing, such as for IQ and memory, might be considered, particularly to address her intellectual and learning abilities, and that psychiatric consultation might be helpful, in consultation/liaison psychiatry, to better understand her concerns and functioning from a biopsychosocial standpoint. Tr. 791. Dr. Severinghaus' impression was "possible low IQ or some kind of learning difficulties contributing to her difficulty coping with her physical concerns." Tr. 791.

On November 16, 2015, Michele Herring, ARNP, a nurse at Plaintiff's treating physician's office, completed a form indicating Plaintiff was severely limited and permanently unable to perform work. Tr. 812-815. Nurse Herring is considered an "other source." *See* 20 C.F.R. § 404.1513(a)(4). The opinion of an acceptable medical source is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). However, an ALJ is obligated to provide germane reasons for discounting "other source" statements. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993).

In reaching his RFC determination, the ALJ accorded "little weight" to the opinions of Dr. Severinghaus, indicating only that greater weight would be given to medical expert Moore. Tr. 28. The ALJ also accorded "little weight" to the opinions of Nurse Herring, finding her report inconsistent with the record as a whole and Plaintiff's admitted activities of daily living, and further indicated the opinions of treating physician Brennan were not considered because they were rendered prior to the alleged onset date. Tr. 28-29.

A review of the administrative hearing transcript reveals Dr. Moore thoroughly and completely reviewed the record as it pertains to Plaintiff's mental health. Nevertheless, as noted above, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 830. The ALJ noted no other reason for rejecting Dr. Severinghaus' report other than Dr. Moore's opinion was entitled to greater weight. Tr. 28. Accordingly, the Court finds the ALJ erred by failing to provide cogent, specific, and legitimate reasons for rejecting examiner Severinghaus' opinion. A remand is required for reconsideration of Dr. Severinghaus' report and for further development of the record.[2]

With regard to Nurse Herring, although the form report provides little support for the opinions rendered, *see Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (stating it is permissible for an ALJ to reject a check-off report that does not contain an explanation for the conclusions rendered), the ALJ failed to describe

---

[2]It is apparent Dr. Severinghaus believed additional psychological testing would be helpful to garner a better understanding of Plaintiff's mental health. Tr. 791. Consequently, the ALJ shall be directed to develop the record further in this case by having Plaintiff undergo a new consultative psychological examination to assist the ALJ in assessing Plaintiff's condition.

what specific evidence contradicted Ms. Herring's opinions, *see Brown-Hunter*, 806 F.3d at 492 (finding the agency must set forth reasoning behind its decisions in a way that allows for meaningful review). If the ALJ fails to specify his rationale, a reviewing court will be unable to review those reasons meaningfully without improperly "substitut[ing] our conclusions for the ALJ's, or speculat[ing] as to the grounds for the ALJ's conclusions." *Brown-Hunter*, 806 F.3d at 492 quoting *Treichler*, 775 F.3d at 1103. Because the ALJ failed to identify what specific evidence contradicted the opinions of Nurse Herring, the Court finds the ALJ's rationale for discounting the report is not properly supported.

The Court agrees with the ALJ that treating physician Brennan's reports greatly predate the relevant time period in this action and are thus of limited relevance. *Fair*, 885 F.2d at 600. However, since this matter must be remanded for additional proceedings to remedy the above noted errors, the ALJ shall also be instructed to review the medical reports of Dr. Brennan and accord them appropriate weight to the extent they are found to address Plaintiff's condition during the relevant period at issue in this matter.

Plaintiff's RFC is an administrative finding, dispositive of the case, which is reserved to the Commissioner, and, by delegation of authority, to the ALJ. SSR 96-5p. It is thus the responsibility of the ALJ, not this Court, to make a RFC determination. Accordingly, Plaintiff's RFC must be redetermined, on remand, taking into consideration the opinions of the medical professionals noted above, as well as any additional or supplemental evidence relevant to Plaintiff's claim for disability benefits.

**B.      Plaintiff's Subjective Complaints**

Plaintiff also contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 14 at 11-13.

///

///

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 29. The ALJ listed the following reasons for finding Plaintiff's subjective complaints not persuasive in this case: (1) the objective medical evidence did not support the level of impairment claimed; (2) Plaintiff poorly complied with medical treatment advice; and (3) Plaintiff's activities of daily living, including being a full-time, stay-at-home mother to her four children, were inconsistent with her allegations of disabling functional limitations. Tr. 26-30.

While some of the reasons provided by the ALJ for discounting Plaintiff's testimony may be supported by the evidence of record, this matter must be remanded for additional proceedings to remedy defects in light of the ALJ's erroneous determination regarding the medical opinion evidence of record. *See supra*. Accordingly, on remand, the ALJ shall also reconsider Plaintiff's

///

statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence in this case and must be reevaluated. On remand, the ALJ shall reassess the opinions of Drs. Moore, Severinghause and Brennan, Nurse Herring, and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. The ALJ shall further develop the record by directing Plaintiff to undergo a new consultative psychological examination. The ALJ shall reevaluate Plaintiff's subjective complaints, formulate a new RFC determination, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

///

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED March 4, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE